M. H. EICHBERG CO., Respondent, v. BENEDICT PAPER CO., Appellant.

*Kansas City Court of Appeals, July 2, 1906.

**FRAUDS AND PERJURIES:** Sales: Earnest Money: Memoranda: Acceptance. When there is no writing witnessing the sale of personal property and no earnest money is paid, there must be a delivery and acceptance of at least part in order to make the sale good under the Statute of Frauds.

Appeal from the Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED.

*James A. Plotner* for appellant.

The court erred in refusing to give a peremptory instruction in favor of the defendant for the following reasons: First. The contract sued on is a contract for the sale of goods, wares and merchandise of the value of more than thirty dollars. Second. Such a contract is not "good" unless the buyer shall accept part of the goods so sold and actually receive the same or give some-thing in earnest to bind the bargain or in part payment, or unless some note or memorandum in writing be made of the bargain and signed by the parties to be charged with such contract or their agents lawfully authorized. R. S. 1899, sec. 3419. Third. The contract sued on was not in writing; nothing was given in earnest to bind the

bargain; defendant never made any part payment, and never accepted the goods and received them or any part of them.   Harvey v. Butcher Assn., 39 Mo. 211; Pratt v. Miller, 109 Mo. 78; Wainscott v. Kellogg, 84 Mo. App. 621; Swafford v. Spratt, 93 Mo. App. 631; Palmer v. Elsberry, 79 Mo. App. 570; Shelton v. Thompson, 96 Mo. App. 327.

*James C. Williams* for respondents.

(1)   "Actual or manual delivery is often impracticable, as in the case of ponderous or bulky articles, and in such a case the law does not require what would be inconvenient, if not impossible; and if the goods sold be placed in the power of the purchaser, or his authority as owner be acknowledged by some formal act or declaration of the seller, it will amount to a sufficient delivery and acceptance."   Bass v. Walsh, 39 Mo. 199; Glasgow v. Nicholson, 25 Mo. 29; Leonard v. Davis, 1 Black (U. S.) 476.   (2)   "A full performance by plaintiff takes the case entirely out of the Statute of Frauds."   Hall v. Harris, 145 Mo. 622; Gupton v. Gupton, 47 Mo. 37; Koch v. Hebel, 32 Mo. App. 103; Sharkey v. McDermott, 91 Mo. 647; West v. Bundy, 78 Mo. 407; Healey v. Simpson, 113 Mo. 340.   (3)   "The Statute of Frauds does not prohibit verbal contracts.   On the contrary it presupposes that the terms of the contract rests in parol proof and only requires, in addition to the proof of such contract, evidence of a delivery or part payment under it; it merely renders it necessary for a party claiming under it to show an additional fact to make it valid.   Swafford v. Spratt, 93 Mo. App. 635; Cunningham v. Ashbrook, 20 Mo. 553; Marks v. Davis, 72 Mo. App. 563.

ELLISON, J.—This action is for the alleged purchase price of some paper bags charged to have been sold to the defendant for $280.44.   There was no writing

and nothing was paid as earnest money.  The defense relied upon was the Statute of Frauds, but the trial court did not sustain defendant's view of that statute and judgment was rendered for the plaintiff.  As our conclusion is that plaintiffs ought not to have recovered on their own statement, we will adopt that statement as the facts of the case:

"The plaintiffs are paper manufacturers at Atlanta, Georgia.  The defendant is a wholesale paper dealer in Kansas City.  On March 23, 1903, respondents' traveling salesman, a Mr. Rosenthaler, called upon defendant at Kansas City and took its order for a certain lot of paper bags.  The order was indicated by a memorandum made by Rosenthaler and mailed to plaintiffs.  This order called for the delivery of the bags f. o. b. Kansas City.  On May 18, 1903, the goods were shipped and an invoice thereof mailed to defendant.  The invoice recites that the bags were included in car to Kansas City Transfer Company, freight prepaid.

It is customary in the paper trade to ship goods in what is called club cars, that is, less than carload lots are shipped together in one car to a common consignee to a certain point to be there distributed; this is done in order to obtain the carload rate.  Before the goods in question reached Kansas City, the Kansas City Transfer Company, to whom the car  was consigned, inquired of defendant if it, the transfer company, should haul the goods from the depot for defendant; defendant answered that it had its own teams and wagons and would do its own hauling.  On May 29th, the bags arrived in Kansas City and were unloaded at the Union Pacific freight depot in good order, and the Kansas City Transfer Company notified the defendant of the arrival and unloading of the bags.  The flood of May 30, 1903, and subsequent days, destroyed the bags."

When there is no writing witnessing the sale of personal property and no earnest money is paid, there must be a delivery and an acceptance of at least a part,

in order to make the sale "good" under the Statute of Frauds. [Sec. 3419, R. S. 1899.] There are two acts on part of the vendee: the goods must be received and they must be accepted. The theory advanced by plaintiff, at most, would only show a deliverey but there is nothing which in the slightest degree tends to show an acceptance. In the contract of sale defendant did not sign a writing, nor receive a part, nor pay any money and it never saw the property. The sale was clearly not "good" under the statute. [Sotham v. Weber, 116 Mo. App. 104.]

The judgment is reversed. All concur.